**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
CHARLES REDDING               )
                              )
          Plaintiff,          )
                              )   Civil Action No. 00-1225
     v.                       )   (EGS)
                              )
DONALD EDWARDS                )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION

### I. Introduction

On May 30, 1999, a fire claimed the lives of two firefighters and seriously injured three others, including Plaintiff Charles Redding. Plaintiff Redding brings suit against the former Fire Chief for the District of Columbia, Donald Edwards, for intentional torts giving rise to plaintiff's injuries. Pending before the Court is defendant's motion to dismiss plaintiff's amended complaint. Upon consideration of defendant's motion to dismiss, the opposition and reply thereto, and the relevant statutory and case law, defendant's motion is **DENIED.**

**II.   Background**

On May 30, 1999, a fire broke out in a townhouse at 3146 Cherry Road, N.E., Washington, D.C.  The fire claimed the lives of District of Columbia Fire Department ("DCFD") firefighters Anthony Sean Phillips, Sr. and Louis J. Matthews.  Firefighter Joseph Morgan suffered severe burns and DCFD Lieutenant Charles Redding was also burned in the fire.  This Court has previously set forth a detailed account of the relevant events in earlier opinions and will not recite them again here.  *See Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 73-74 (D.D.C. 2003) ("*Phillips I*"); *Phillips v. District of Columbia*, 355 F. Supp. 2d 212, 214-215 (D.D.C. 2005) ("*Phillips II*").

Morgan and Redding and the estates of Phillips and Matthew filed separate civil rights actions under 42 U.S.C. § 1983 and § 1985 against the District as well as against defendant Edwards and three other DCFD officials for failure to implement standard operating procedures, which plaintiffs allege resulted in the death and injuries of the firefighters at Cherry Road.  *Phillips I*, 257 F. Supp. 2d at 75.  Plaintiffs also sought compensatory damages from the District and Edwards based on non-constitutional claims for "intentional tortious conduct" pursuant to local common law.  *Id*.  Redding also brought a tort claim against DCFD officials Thomas Tippett and Damian A. Wilk in their personal and official capacities.  *Id*.  All plaintiffs sought punitive damages

for the defendants' alleged intentional tortious conduct. *Id*. Redding sought punitive damages against the District, as well as Tipppett, Wilk and Edwards in their personal and official capacities. *Id.*

Following a number of rulings in this Court and the Court of Appeals, *see*, *e.g. Phillips I*, 257 F. Supp. 2d at 75-76, 86; *Phillips II*, 355 F. Supp. 2d at 213; *Phillips v. District of Columbia*, 455 F.3d 397, 399, U.S. App. D.C. 312, 314 (D.C. Cir. 2006) ("*Phillips III*"), certain claims have been dismissed and other parties have settled.

Pending before the Court is the motion to dismiss the amended complaint of the only remaining plaintiff, Redding, filed by the only remaining defendant, Edwards, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), in light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

**III.    Discussion**

**A.    Standard of Review for Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide to the defendant "fair notice of the claims against him." *Ciralsky v. CIA*, 355 F. 3d 661, 668-70 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). *See also Erickson v.*

*Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969. In considering a 12(b)(6) motion, the Court should construe the complaint "liberally in the plaintiff's favor," "accept[ing] as true all of the factual allegations" alleged in the complaint. *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008)(citing *Kassem v. Washington Hosp. Ctr.*, 513 F. 3d. 251, 253 (D.C. Cir. 2008)). Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**B.   Plaintiff's Section 1983 Claims**

Defendant Donald Edwards' previous motion to dismiss the § 1983 intentional tortious wrongdoing claim against him under Fed. R. Civ. P. 8(a) and 12(b)(6) was denied by this Court. *Phillips I*, 257 F. Supp. 2d 69. Defendant argued at that time, and argues again in the current motion, that "an intentional tort complaint against an employer by an employee who had received compensation" requires a statement of "specific intent to injure" in order to state a claim. Def.'s Mem. at 4-5 (citing *Houston v. Bechtel*

*Assocs. Prof'l Corp.*, 522 F. Supp. 1094 (D.D.C. 1981); *Rustin v. District*, 491 A.2d 496 (D.C. 1985), *cert denied*, 474 U.S. 946). The Court previously considered this argument in *Phillips I*, and determined the intentional tort claims could proceed. *Phillips I*, 257 F. Supp. 2d at 85 ("Plaintiffs' allegations support a reasonable inference that the individual defendants' acts were intentional").

The defendant now argues, however, that the Supreme Court's ruling in *Twombly* articulated a new standard of pleading requiring the Court to reconsider defendant's motion to dismiss. Defendant reads *Twombly* to require that a court decide "whether the claim [a plaintiff] purports to set forth is 'plausible' --- not whether 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" as articulated in *Conley v. Gibson*, 355 U.S. 41 (1987). Def.'s Mot. at 2. Defendant contends that under this new standard of "plausibility," the plaintiff's intentional tort claims cannot stand because the complaint "lack[s] the necessary allegations under District law to set forth these claims" and "it is inherently implausible that former Fire Chief Edwards had the specific intent to kill or injure his own firefighters." Def.'s Mot. at 2.

This Court previously addressed defendant's arguments regarding notice pleading in *Phillips I*, concluding that

"plaintiffs have provided sufficient factual allegations to put defendants on notice as to what conduct they contend constitutes an intentional tort." *Phillips I*, 257 F. Supp. 2d at 83. In that opinion, the Court held:

> *Mayberry* establishes that the Disability Act is not the exclusive remedy for alleged intentional torts by co-workers. Plaintiffs' allegations support a reasonable inference that the individual defendants' acts were intentional. Thus, plaintiffs' claims for compensatory and punitive damages against individual defendants in their personal capacities withstand the motion to dismiss.

*Id*. at 85-86 (referencing *Mayberry v. Dukes*, 742 A.2d 448 (D.C.1999)).

## C. *Twombly* Does Not Change this Court's Prior Ruling on Defendant's Motion to Dismiss

Following *Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L. Ed. 2d 929, the Court of Appeals for the District of Columbia Circuit articulated the current standard for dismissal under 12(b)(6) in *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15-16. The Circuit Court concluded that *Twombly* had not altered the "long-standing fundamentals of notice pleading." *Id*. at 15. The court noted that the Supreme Court has "consistently pruned back" new requirements of particularity in pleading "with the admonition that we are not to impose heightened pleading requirements." *Id*. at 16 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12, 122 S.Ct. 992, 997-998 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507

U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993); *Scheuer v. Rhodes*, 416 U.S. 232, 249-50, 94 S.Ct. 1683, 1693 (1974)). The Circuit Court stated, "[a]fter decades of such consistency, we will not lightly assume the Supreme Court intended to tighten pleading standards." *Fame Jeans*, 525 F.3d at 16. The Court of Appeals read the *Twombly* decision to reiterate the long-followed standard that a complaint "does not need detailed factual allegations." *Id.* (citing *Twombly*, 127 S.Ct. at 1964). Furthermore, according to the Circuit Court, the Supreme Court "denied 'applying any 'heightened' pleading standard,' because any heightened standard would have to arise from an amendment of the Federal Rules of Civil Procedure." *Id.* (citing *Twombly*, 127 S.Ct. at 1973 n.14).

The Circuit Court stated that the requirement of "plausibility" in *Twombly* referred to the "inference of conspiracy" as opposed to the plausibility of the actual claim. *Id.* at 17. The court concluded:

> A court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success, for a complaint "may proceed even if it appears 'that a recovery is very remote and unlikely,' " [*Twombly*, 127 S.Ct] at 1965 (quoting *Scheuer*); a complaint "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations," *id.* at 1969 n.8. Further, the court must assume "all the allegations in the complaint are true (even if doubtful in fact)," *Twombly,* 127 S.Ct. at 1965 (citing *Swierkiewicz*)*,* and the court must give the plaintiff "the benefit of all reasonable inferences derived from the facts alleged," *Stewart* [*v. National Educ. Ass'n*]*,* 471 F.3d [169,] 173[, 374 U.S. App. D.C. 46, 50 (D.C. Cir. 2006)].

7

*Fame Jeans*, 525 F.3d at 17.  Therefore, contrary to defendant's argument, *Twombly* did not alter the pleading standard such that plaintiff's claims, which have previously withstood a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must now be denied.

**IV. Conclusion**

This Court has previously held that "Plaintiffs' allegations support a reasonable inference that the individual defendants' acts were intentional."  *Phillips I*, 257 F. Supp. 2d. at 85-86.  Following *Fame Jeans*, the Supreme Court decision in *Twombly* does not alter the Court's prior analysis.   Therefore, defendant's motion is **DENIED**.

An appropriate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**August 5, 2008**